**Gary Lee McCOLPIN, Petitioner,**

**v.**

**Steven J. DAVIES, et al., Respondents.**

**No. 90–3008–S.**

United States District Court,
D. Kansas.

Nov. 26, 1991.

Gary Lee McColpin, pro se.

Carol R. Bonebrake, Asst. Atty. Gen., Topeka, Kan., for respondents.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate in the custody of the Secretary of the Kansas Department of Corrections, claims the decision of the Kansas Parole Board to deny him release was arbitrary and capricious and that the Board's recommendation that he attend the facility's mental health program for sex offenders for a third time constitutes cruel and unusual punishment. The government has filed an

answer and return, and petitioner has filed a traverse.

Having examined the record, the court makes the following findings and order.

*Factual Background*

Petitioner is incarcerated under convictions of kidnapping, attempted indecent liberties with a child, and enticement of a child and is serving an aggregate sentence of 21 years to life.

Petitioner's case was reviewed by the Kansas Parole Board in October 1987 and was passed to October 1990. Petitioner received a notice of the Board's decision in early November 1987 which included a statement of the Board's reasons for its decision. Petitioner unsuccessfully pursued an administrative appeal of this decision and then commenced a habeas corpus action in the District Court of Leavenworth County, Kansas, pursuant to K.S.A. 60–1501. The district court denied the petition, and this denial was upheld by the state appellate courts. Petitioner then commenced the instant action challenging the Board's decision.

*Discussion*

*Decision of board member*

■ Petitioner's claim of arbitrary and capricious action by a member of the state parole board appears to allege a due process violation. Petitioner specifically alleges one member of the three member panel misrepresented the facts of his case. The state courts rejected this challenge, finding that petitioner has offered no support for his position beyond his own uncorroborated statements.

This court agrees with this conclusion. It appears the statements petitioner challenges stem from a report prepared during his incarceration in the Kansas Reception and Diagnostic Center.[1] The use of such material contravenes neither state law nor due process.

Pursuant to K.S.A. 22–3717(f), the Kansas Parole Board may consider at each

---

1. Complaint, pp. 6–6A.

hearing all relevant information concerning the inmate, including the circumstances of the offense, the presentence report, the inmate's previous social history and criminal record, the inmate's institutional record, the reports of any physical or mental examinations, comments of the victim and the victim's family, comments of the public, official comments, and the capacity of state institutions. Further, it is well settled on due process grounds that a parole board may consider information from sources such as presentence reports. *See, e.g., Nunez–Guardado v. Hadden,* 722 F.2d 618 (10th Cir.1983) (Parole Commission shall consider, where available and relevant, presentence investigation reports). Here, petitioner offers no persuasive evidence beyond his bald contention of a misconstruction of the circumstances of his criminal conduct, and the court finds no basis for granting relief.

*Cruel and Unusual Punishment*

■ Petitioner next claims the board's recommendation that he attend mental health programs for sex offenders constitutes cruel and unusual punishment because he had twice attended such programming.

The Eighth Amendment bars punishment which is grossly disproportionate to the severity of the offense. *See Rummel v. Estelle,* 445 U.S. 263, 271–74, 100 S.Ct. 1133, 1137–39, 63 L.Ed.2d 382 (1980). Here, however, the court finds no such disproportionality as might justify relief. Petitioner was convicted of kidnapping, three counts of attempted indecent liberties with a child, and two counts of enticement of a child; these convictions involved at least three children. The parole board determined that petitioner has not yet accepted the responsibility for his crimes. Under these circumstances, there is no error in the recommendation that petitioner receive additional counseling.

IT IS THEREFORE ORDERED this action is hereby dismissed and all relief denied.

